MATTER OF GARCIA-CASTILLO

In DEPORTATION Proceedings

A-13710425

*Decided by Board October 2, 1964*

The mere making of a misrepresentation by an alien to a United States consular officer abroad in obtaining a visa for entry into this country is an important element for consideration in any subsequent application for adjustment of status under section 245, Immigration and Nationality Act, as amended. (See also, *Matter of Garcia-Castillo*, Int. Dec. No. 1335.)

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1252(a)(2)]—Visitor. remained longer.

Respondent asks that the Board reconsider its decision denying his application for adjustment of status to that of a permanent resident under section 245 of the Act (8 U.S.C. 1255 (Supp. IV)); in the event the Board affirms its denial, counsel requests that the case be certified to the Attorney General for review.

Respondent, 24-year-old single male, a native and citizen of Peru, applied in Peru for a visitor's visa to the United States. He presented to the United States consul a letter from his employer stating he had quit his job because the pay was poor and he was planning to go to the United States; the consul refused to issue a visitor's visa. Through the services of a travel agent, the respondent obtained a letter from a doctor indicating that the respondent was going to the United States for rest and treatment. In fact, the respondent was not a patient of the doctor, was not ill, and was without intention of seeking treatment in the United States. On the strength of the letter, the respondent obtained a temporary visitor's visa although he then intended to remain in the United States permanently through adjustment of his status under section 245 of the Act as had some of his friends. Believing the adjustment was a simple matter which would take a little time, he anticipated obtaining work shortly after his entry.

Respondent was admitted to the United States on June 13, 1963 as a visitor and was authorized to remain to July 15, 1963. Shortly

after arrival he began to work a day a week; he then learned that it was unlawful for him to work in the United States. On September 16, 1963, he submitted his application for adjustment of status under section 245; on September 22, 1963, he obtained full-time employment; on October 2, 1963, he was interviewed in connection with his application for adjustment of status and denied that he was working; on November 15, 1963, he voluntarily informed the Service that he had not told the truth about employment; on November 26, 1963, respondent's application for adjustment of status was denied by the District Director (the reason for the refusal is not shown in the file) and respondent was given until December 26, 1963 to depart voluntarily; the respondent remained upon the advice of his attorney in order to obtain an adjudication of the application for adjustment of status by a special inquiry officer.

On January 29, 1964 an order to show cause was issued charging the respondent with being deportable upon the ground stated above; in the following month a deportation hearing was held. The special inquiry officer granted the application for adjustment of status. To the special inquiry officer, it appeared that *Matter of Barrios*, Int. Dec. No. 1264, implied that the bona fides of a visitor from a nonquota country was not a material matter; therefore, and because the respondent had testified with candor, and because it appeared he would make a desirable resident the special inquiry officer granted the application.

The trial attorney took an appeal from this grant on the ground that it would encourage evasion of consular functions and disregard for the immigration laws; the trial attorney further pointed out that the respondent had taken unauthorized employment, that he had falsely testified before an immigration officer, that he had no close family ties in the United States, and that his mother, brothers and sisters were in Peru. The Board sustained the appeal of the trial attorney and ordered the application for adjustment of status denied as a matter of discretion, stating that respondent had flagrantly disregarded lawful visa procedures, and that he had not been a bona fide nonimmigrant. Counsel filed the present motion; in support of it we have considered his letter of July 13, 1964 addressed to the Attorney General and in opposition we have considered the brief dated August 31, 1964 from the trial attorney.

Counsel is of the belief that the Board's action is inconsistent with *Matter of Martinez-Lopez*, Int. Dec. No. 1312. *Martinez-Lopez* concerned a native and citizen of Mexico who in applying for an immigrant visa, and to satisfy the request of the counsel that he furnish an offer of employment, supplied a letter which he knew did not represent an actual offer of employment; the Service sought to deport

him as one who had procured his visa by fraud or wilful misrepresentation. To sustain this charge, the Service had to establish that the fraud or misrepresentation was a "material one": one concealing a ground of inadmissibility or cutting off a relevant line of inquiry which might have resulted in a proper determination that the alien was inadmissible. The only possible ground of inadmissibility suggested, was the likelihood that the alien might become a public charge. The Attorney General held that the evidence in the deportation proceeding established that the alien would not have been inadmissible as a person likely to become a public charge and that there was nothing in the regulations of the Department of State which would have prevented the issuance of an immigrant visa to the respondent.

Counsel's point is that the respondent here made a representation which in its character is essentially like the one made by Martinez-Lopez: both misrepresentations were made to obtain permanent residence in the United States, both were made because the aliens would otherwise have been denied visas upon an "improper determination that they were likely to become public charges." The distinction we see is that in *Martinez-Lopez* the *making* of the misrepresentation was not important; what the misrepresentation concealed was important: in the instant case the mere making of the misrepresentation is important. Surely, when an alien applies for discretionary relief, the fact that he lied before a United States official ought to be an important element for consideration. And it might be one which weighed in light of the means used, the purpose sought to be achieved, and the advantage gained, could well determine the outcome of the case.

Counsel contends that American consular officers have instituted unreasonable requirements (in violation of the State Department's own regulations) as to the establishment by an alien of the fact that he will not become a public charge, and that the impossibility of meeting these demands together with the fact that the alien cannot appeal from the denial of his visa, creates a frustration which drives aliens to make misrepresentations in order to get their visas. It is inappropriate for us to comment on this matter: it is one for the attention of the Department of State.

Counsel suggests that many aliens obtain adjustment of status by lying about the bona fides of their intentions to come to the United States as visitors. Obviously, this charge is a matter of surmise on the part of counsel. The procedure used in considering an application for adjustment of status permits examination and cross-examination of the alien under oath and requires a check of consular sources abroad. The procedure is not an infallible one, however, it is the best that can be devised to determine the truthfulness of an applicant's contentions.

Counsel contends that to deny respondent's application for adjustment on the ground that he intended to seek permanent residence when he entered, would be to read into section 245 a restriction which was removed when Congress eliminated the requirement that only aliens admitted as bona fide nonimmigrants were to be granted relief. The short answer is that we did not find respondent statutorily ineligible for relief, and that Congress did not eliminate the discretionary aspect of the relief. After careful consideration of the record we find the motion must be denied.

Counsel has requested that the Board certify this case to the Attorney General for review if a decision unfavorable to the alien is reached. We do not believe that the case presents an issue which requires certification to the Attorney General.

**ORDER:** It is ordered that the motion for reconsideration be and the same is hereby denied.